UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.   § | CRIMINAL NO.  H-4:17-cr-00651-1 |
| § | |
| FREDDY MONTES, § | |
| § | |
| Defendant. § | |
| _____ § | |

<u>THE UNITED STATES OF AMERICA'S ("UNITED STATES") OPPOSITION TO DEFENDANT'S MOTON TO APPOINT ADDITIONAL COUNSEL (DOC. 1400)</u>

Pending before the Court is Defendant's, and not the United States', motion to withdraw a plea of guilty. In response to that motion, the United States submitted an opposition that contained twenty exhibits. However, **all** of those exhibits consist of (1) transcripts of proceedings in which Defendant's counsel was present, and the transcripts were ordered or received previously by Defendant's counsel, (2) conviction records from those cases (again which Defendant's counsel previously received), (3) email correspondence involving Defendant's counsel, and (4) documents previously turned over in discovery. Indeed, all of the most voluminous exhibits that are not transcripts are items turned over in discovery that Defendant has had for several years and indicated during Defendant's plea allocution that she reviewed. Moreover, the purpose of those documents being attached as exhibits was to rebut Defendant's claim of actual innocence that he made in his pending motion. It is axiomatic that such discovery would have had to be reviewed before a claim of actual innocence could have been made.

Therefore, because the United States' filing is responsive to Defendant's motion, and because Defendant's counsel has already received the exhibits at issue (whether through discovery or being present at the proceedings and receiving the transcripts thereof), there is no basis for additional counsel to be appointed. Indeed, it is noted that all of the other CJA counsel appointed to this case were able to represent their clients without a second CJA counsel appointment needed. It is noteworthy that all of those attorneys had access to all of the discovery items attached as exhibits to the United States' opposition to Defendant's pending motion.

As for the motion itself, approximately 32 pages are a factual recitation primarily describing the proceedings in the attached transcripts that Defendant's counsel participated in and for which she previously received copies, 14 pages are directly responsive to addressing the seven Fed. R. Crim. P. 11(d)(2) factors Defendant himself raised in his motion, 1 page addresses Defendant's stricken *pro se* filing raised in Defendant's motion, and 3 pages address Defendant's false claim of a promise in exchange for withdrawing the previously stricken *pro se* motion that Defendant himself raised in his motion. In short, despite its length, the entirety of the motion responds to allegations made by Defendant.

If Defendant's counsel does not believe she is capable of handling this matter, the proper remedy is for her to re-urge her motion to withdraw as counsel as opposed to having a current attorney from the CJA Panel, whose resources and funds are already strained, join Defendant's counsel is her role as a former CJA Panel attorney.

Date:  February 26, 2026            Respectfully submitted,

                                                NICHOLAS J. GANJEI
                                                United States Attorney, Southern District of Texas

                                  By:    *s/ Adam Laurence Goldman*
                                        Adam Laurence Goldman
                                        Assistant United States Attorney
                                        Attorney-in-Charge
                                        S.D. Tex. ID No.: 1034195
                                        State Bar Nos.: NY3038023/DC476521
                                        1000 Louisiana Street, 24th Floor
                                        Houston, Texas 77002
                                        Tel.:713-567-9534; FAX:713-718-3303
                                        E-mail:  Adam.Goldman2@usdoj.gov
                                        *Counsel for the United States of America*

## **CERTIFICATE OF SERVICE**

     I FURTHER HEREBY CERTIFY that on this 26th day of February, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, to which opposing counsel listed below is a member and provided a copy via email:

Winifred Akins Pastorini
440 Louisiana Street, Suite 200
Houston, Texas 77002
Tel.:  713-236-7300
Email: windi@pastorinilaw.com

                                        *s/ Adam Laurence Goldman*
                                        Adam Laurence Goldman, Asst. U.S. Atty.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> v.  § <br> § <br> FREDDY MONTES, § <br> § <br> Defendant. § <br> _____ § | CRIMINAL NO.  H-4:17-cr-00651-1 |

ORDER

IT IS HEREBY ORDERED that Defendant's Motion to Appoint Additional Counsel is DENIED.

Signed at Houston, Texas, on this _____ day of _____, 2026.

_____
THE HONORABLE CHARLES R. ESKRIDGE, III
UNITED STATES DISTRICT JUDGE